[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION REGARDING COLLATERAL SOURCE REDUCTION
The defendant requests that the court reduce the jury's award of damages ($75,000) to the plaintiff based on collateral source payments and benefits she received. The request is made pursuant to § 52-225a et seq. of the General Statutes, which require such reduction. Pajor v. Wallingford,47 Conn. App. 365, 381 (1997).
It is the court's finding that the plaintiff received medical payments from ConnectiCare as a beneficiary under a health and sickness insurance policy issued by that Company. Section 52-225c prohibits ConnectiCare from recovering through subrogation such payments, which are deemed collateral source benefits to the plaintiff. Although it is true that the prohibition against subrogation may be preempted by the federal CT Page 9919 Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a), there is insufficient evidence before the court to establish that the medical insurance plan in question was funded by the plaintiff's employer and set up under ERISA. The defendant is entitled to a collateral source reduction.
The jury awarded the plaintiff $10,740.18 in economic damages. to which on the evidence she was entitled. ConnectiCare had already paid $7,288.67 to the plaintiff's healthcare providers, the latter agreeing to accept such sum in full settlement of their claims. Permitting the plaintiff to retain at least the difference in amounts ($3,451.51), as the plaintiff urges, would create a double recovery as to such sum. Such a result would violate the intent of the legislature in enacting § 52-225a et seq., i.e., abolition of the collateral source rule so as to preclude a personal injury plaintiff from recovering the same benefit twice: once from the collateral source payer and again from the tortfeasor. The gross amount of the collateral source set off is therefore $10,740.18.
Pursuant to General Statutes § 52-225a(c), the plaintiff is entitled to reduce the collateral source set off by the aggregate amount of premiums she paid to secure such benefits, viz., $4,288.08. It is the court's finding that the plaintiff is not entitled to reduce the collateral source set off additionally by the amount of premiums paid by her employer. The plain language of § 52-225a (c), provides that "any amount which has been paid . . . by, or on behalf of, the claimant, " may reduce the collateral source set off. The statute should be read disjunctively, the legislature choosing to use the word "or," instead of the word "and," in reference to the source of the payments. Accordingly, either the claimant's payments, or payments made on her behalf, are allowed as the deduction, not both.
In conclusion, the defendant is entitled to a collateral source set off of $6,452.10 ($10,740.18 minus $4,288.08). Judgment may enter in favor of the plaintiff against the defendant in the amount of $68,547.90 plus costs of $1,485.
BERNARD D. GAFFNEY JUDGE, SUPERIOR COURT CT Page 9920